**Opinion filed January 4, 2013**



## In The

# Eleventh Court of Appeals

_____

### No. 11-12-00219-CV

_____

## LONE STAR TRANSMISSION, LLC, Appellant

## V.

## WILKS RANCH TEXAS LTD., Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. CV1242569**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the entry of a temporary injunction enjoining appellant, Lone Star Transmission, LLC.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2012).  Appellee, Wilks Ranch Texas Ltd., has filed an unopposed motion to dismiss the appeal on the basis that the temporary injunction is now moot because the trial court subsequently dissolved the temporary injunction.  Appellant has advised the court that it agrees with appellee's assertion that the temporary injunction is now moot and that the appeal should be dismissed.  *See* TEX. R. APP. P. 42.1(a)(2).

As recently noted by the Texas Supreme Court in *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012):

> A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer "live," or if the parties lack a legally cognizable interest in the outcome. Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests. If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction (footnotes omitted).

We agree with the parties' contention that the appeal should be dismissed for want of jurisdiction because the subject of the appeal is now moot. Therefore, in accordance with the parties' request, we dismiss the appeal.

The motion to dismiss is granted, and the appeal is dismissed for want of jurisdiction.

PER CURIAM

January 4, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.